IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GWENDOLYN VERONICA ROGERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:13-CV-532-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it."  *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

**ISSUE**

**Whether the ALJ erred in failing to find that Plaintiff had severe impairments of depressive disorder and personality disorder.**

### Administrative Proceedings

Plaintiff applied for disability insurance benefits on July 12, 2010, (Tr. 63, ECF No. 9-2) alleging disability as of May 1, 2009. (*Id*.) Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a video hearing on May 4, 2012. (*Id*.) Following the hearing, the ALJ issued an unfavorable decision on August 1, 2012. (Tr. 63-71.) The Appeals Council ultimately denied Plaintiff's Request for Review on October 25, 2013. (Tr. 1-4.) This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff met the insured status requirement of the Social Security Act through December 31, 2011. (Tr. 65.) He further found that Plaintiff had not engaged in substantial gainful activity as defined by the Act since her alleged onset date. (*Id*.) The ALJ found that Plaintiff had the severe impairments of obesity and iron deficiency anemia. (*Id*.) As for Plaintiff's other complaints and alleged diagnoses, the ALJ found that the medical evidence did not support a finding that any of these alleged impairments qualified as severe. (*Id*.) The ALJ then determined that Plaintiff had no impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 67.)

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work "except she can occasionally stair climb, but cannot kneel, crawl, climb ladders or scaffolds, work at heights, or with hazardous machinery." (Tr. 67.) The ALJ concluded that Plaintiff had past relevant work as a Sorter/Hanger, and was capable of performing that work. (Tr. 70.) The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from May 1, 2009 through December 31, 2011, the date last insured. (*Id.*)

## DISCUSSION

**Did the ALJ err in finding that Plaintiff's alleged impairments of depressive disorder and personality disorder were not "severe"?**

The sole contention by Plaintiff is that the ALJ erred by failing to find her depressive disorder and personality disorder to be severe impairments. The Commissioner responds that the ALJ properly considered the medical evidence related to Plaintiff's nonexertional impairments and correctly concluded that the evidence did not establish that her depressive and personality disorders are severe.

At the time of the hearing before the ALJ Plaintiff was fifty-one years of age. She has a high school education and has past relevant work as a certified nursing assistant, bus driver and hanger/sorter. (Tr. 167-172.) The ALJ found that the medical evidence of record established that Plaintiff has severe impairments of obesity and iron deficiency anemia. (Tr. 65.) Although the ALJ found her to also have depressive and personality disorders, these were not determined to be severe. (Tr. 66-67.) The ALJ analyzed the effects of the medically determinable nonexertional impairments under paragraph B

criteria and in the mental function analysis found Plaintiff to have no more than "mild" limitations in activities of daily living, maintaining social functioning and maintaining concentration, persistence, and pace. No episodes of decompensation were found. Therefore, the ALJ found that Plaintiff's depressive and personality disorders cause no more than minimal limitations in her ability to carry out the basic mental demands of work and are nonsevere. 20 C.F.R. 404.1520a(d)(1); Tr. 65, 66.

In her brief, Plaintiff initially directs much of her argument to what she contends is an erroneous determination by the ALJ that her mental impairments are not severe. (Pl.'s Br. 5-8.) This is a step 2 analysis. She then dismisses her discussion of the step 2 analysis as merely "academic" and frames her argument instead as an assertion of error by the ALJ in the formulation of her residual functional capacity (RFC) to work.[3]

Impairments are characterized by an ALJ as "severe" or "non-severe" based on whether the medical evidence of record proves that the impairment causes significant limitations in a claimant's ability to carry out basic work activities. *Freeman v. Barnhart,* 220 F. App'x 957, 961 (11th Cir. 2007). An ALJ makes this determination at step 2 of the sequential analysis, and here the ALJ found Plaintiff's asserted depressive and personality disorders do not cause more than minimal limitations in her ability to work. (Tr. 66.) The ALJ thoroughly addressed the medical evidence in reaching the conclusion that Plaintiff's nonexertional limitations are not severe, including assigning specific weight to the medical source opinions which addressed the issue.

---

[3] The RFC is formulated by the ALJ between steps 3 and 4 of the sequential evaluation process, 20 C.F.R. 404.1520(e), and not, as Plaintiff contends in her brief, between steps 4 and 5.

No evidence exists in Plaintiff's record of care that establishes that her mental impairments result in long term functional limitations which reduce or eliminate her ability to perform the requirements of work. *Gray v. Comm'r of Soc. Sec.,* 426 F. App'x 751 (11th Cir. 2011); *Osborn v. Barnhart,* 194 F. App'x 654, 664 (11th Cir. 2006). The ALJ found that Plaintiff does not receive regular psychiatric treatment, although she noted Plaintiff was prescribed Prozac by her primary care provider based on a diagnosis of menopause. (Tr. 66.) In a September 2010 consultative examination by a psychologist, Plaintiff was found by the examiner to be purposefully inattentive and unwilling to cooperate in the evaluation. (Ex. 5F, Tr. 313-6.) The psychologist opined that her depressed state manifested as no more than annoyed with lack of motivation to engage in work demands. (Tr. 315-6.) Two state agency reviewing physicians in September 2010 and February 2011 found insufficient record evidence to establish any mental impairment that would affect Plaintiff's work abilities. (Tr. 69; Ex.6F, 9F.) Her minimal treatment and the medical source opinions finding her asserted mental impairments to be either nonexistent, feigned, or nonsevere are unrebutted by Plaintiff and constitute substantial evidence to support the ALJ's decision to not categorize them as severe impairments. *Larry v. Comm'r of Soc. Sec.,* 506 F. App'x 967, 970 (11th Cir. 2013). No error is found.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 24th day of November, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE